**HeckerFink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL    929.294.2536
DIRECT EMAIL   gtenzer@heckerfink.com

November 12, 2024

**BY CM/ECF**

Rachel Phillips, Deputy Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    Re: *Elizabeth Sines, et al. v. Jeff Schoep, et al.*, No. 23-1123 (L)

Dear Ms. Phillips,

  On behalf of Plaintiffs-Appellees Elizabeth Sines, Seth Wispelwey, April Muñiz, Marcus Martin, Natalie Romero, Chelsea Alvarado, Devin Willis, and Thomas Baker, I write to respond to the Court's notice dated October 30, 2024, to request that the Court exercise its discretion to dispose of these appeals and leave substitution issues for the district court.

  As the Court is aware, Plaintiff-Appellee Marissa Blair sadly passed away on Thursday, September 19, 2024. Under Virginia law, Ms. Blair's claims in this litigation survive her death in full. *See* Va. Code Ann. § 8.01-25. Accordingly, counsel continues to anticipate that a motion for substitution will be forthcoming. *See* Suggestion of Death 1.

  Plaintiffs-Appellees respectfully request that this Court exercise its broad discretion to "direct appropriate proceedings," Fed. R. App. P. 43(a)(1), to dispose of these appeals now, leaving the issue of substitution for the district court on remand. Courts have long exercised their discretion under Federal Rule of Appellate Procedure 43 to decide appeals without awaiting motions for substitution, particularly where the deceased party is a plaintiff. *See, e.g.*, *Ciccone v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 861 F.2d 14, 15 n.1 (2d Cir. 1988); *Hardie v. Cotter & Co.*, 849 F.2d 1097, 1098 n.2 (8th Cir. 1988); *Wright v. Com. Union Ins. Co.*, 818 F.2d 832, 834 n.1 (11th Cir. 1987); *cf. Dowe v. Leeds, Morelli & Brown PC*, No. 21-3069, 2023 WL 3986373, at *2 n.2 (2d Cir. June 14, 2023).

  That course is particularly appropriate here. Defendants-Appellants committed the acts underlying Plaintiffs-Appellees' claims against them more than seven years ago, in 2017; the jury reached a verdict in favor of Plaintiffs-Appellees three years ago, in November of 2021. *See* Informal Br. of Plaintiffs-Appellees in No. 23-1123 at 3-6, 8-9 (Schoep); Informal Resp. Br. of

# Hecker Fink LLP

2

Plaintiffs-Appellees in No. 23-1125 at 4-7 (Cantwell). As this Court recently observed, the jury's verdict in this case "sen[t] an unmistakable message," and "it's long past time for that message to be delivered." *Sines v. Hill*, 106 F.4th 341, 355 (4th Cir. 2024). Disposing of these appeals promptly and allowing the district court to sort out substitution issues on remand would expedite the ultimate resolution of this case.

      If the Court is not inclined to dispose of these appeals now, Plaintiffs-Appellees would respectfully request a reasonable time period to move for substitution.

Respectfully submitted,

Gabrielle E. Tenzer

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a copy of the attached was filed with the Clerk through the Court's electronic filing system. In addition, I hereby certify that on November 12, 2024, I also served the following via electronic mail:

Christopher Cantwell
christopher.cantwell@gmail.com

Jeff Schoep
jeffschoep@protonmail.com

I further hereby certify that on November 12, 2024, I caused to be served the following by physical mail:

Christopher Cantwell
497 Hooksett Road
Unit 312
Manchester, NH 03104

Jeff Schoep
P.O. Box 66335
Roseville, MI 48066

Dated: November 12, 2024

_____
Gabrielle E. Tenzer